

# Notice of Service of Process

**TV / ALL**
**Transmittal Number: 24829587**
**Date Processed: 04/27/2022**

| | |
|---|---|
| **Primary Contact:** | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215-2410 |

| | |
|---|---|
| **Electronic copy provided to:** | Ashley Roberts |

| | |
|---|---|
| **Entity:** | Nationwide Mutual Insurance Company<br>Entity ID Number  3277054 |
| **Entity Served:** | Nationwide Mutual Insurance Company |
| **Title of Action:** | Fair Oaks Apartments, LLC vs. Nationwide Mutual Insurance Company |
| **Matter Name/ID:** | Fair Oaks Apartments, LLC vs. Nationwide Mutual Insurance Company<br>(12233058) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Taylor County District Court, TX |
| **Case/Reference No:** | 28509-B |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 04/26/2022 |
| **Answer or Appearance Due:** | 10:00 a.m. on the Monday next following the expiration of Twenty days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | The Hodge Law Firm PLLC<br>n/a |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



**DEFENDANT'S EXHIBIT A**

# THE STATE OF TEXAS
## Case No. 28509-B

P5L-6008
4-26-22

**NOTICE TO DEFENDANT: "The citation shall include the following notice to the defendant: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

**TO: Nationwide Mutual Insurance Company**
**Registered Agent: Corporation Service Company**
**211 E 7th Street Suite 620**
**Austin, Texas 78701**

## Defendant, GREETINGS:

You are hereby commanded to appear by filing a written answer to the Citation at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 104th District Court of Taylor County, Texas, at the Courthouse of said County in Abilene, Texas.

Said Plaintiff's Petition was filed in said Court, by Shaun W Hodge, 2211 Strand  Suite 302  Galveston TX  77550 on December 29, 2021 in this case, numbered **28509-B** on the docket of said court, and styled,

## FAIR OAKS APARTMENTS, LLC VS. NATIONWIDE MUTUAL INSURANCE COMPANY

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Citation accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and the seal of said Court at Abilene, Texas, on this the 14th day of March, 2022.

Attached Per Request of Attorney:

Clerk's Name and Address:
Tammy Robinson, District Clerk
Taylor County Courthouse
Suite 400
Abilene, Texas 79602

By _____ , Deputy
Lily Bishop

**RETURN OF SERVICE**

28509-B     104th District Court
Fair Oaks Apartments, LLC vs. Nationwide Mutual Insurance Company
Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the
_____ day of _____, 20____.

_____, Officer

_____County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE:**

**Nationwide Mutual Insurance Company Registered Agent: Corporation**
**Service Company 211 E 7ᵗʰ Street Suite 620 Austin, Texas 78701**

OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock _____.m., and
executed in _____ County, Texas by delivering to each of the within named defendants in
person, a true copy of this Citation with the date of delivery endorsed thereon, together with the
accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
|      |           |                                            |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:
_____

and the cause or failure to execute this process is:
_____

and the information received as to the whereabouts of said defendant(s) being:
_____

**FEES:**
Serving Petition and Copy $_____
Total                      $_____

_____, Officer
_____County, Texas

By: _____, Deputy

_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation
shall sign the return. The signature is not required to be verified. If the return is signed by a person other
than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under
penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my
address is _____.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of
_____.

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

Filed 12/29/2021 2:31 PM
Tammy Robinson
District Clerk
Taylor County, Texas
Tammy Robinson

CAUSE NO. _____28509-B_____

| | | |
|---|---|---|
| **FAIR OAKS APARTMENTS, LLC** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| | § | Taylor County - 104th District Court |
| **v.** | § | _____**JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **NATIONWIDE MUTUAL** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | **TAYLOR COUNTY, TEXAS** |
| *Defendant* | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, FAIR OAKS APARTMENTS, LLC (hereinafter referred to as "Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of NATIONWIDE MUTUAL INSURANCE COMPANY ("Defendant"), and for cause of action, Plaintiff would respectfully show this honorable Court the following:

## DISCOVERY CONTROL PLAN

1. Plaintiff intends discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3), and request that the Court enter an appropriate scheduling order.

## PARTIES

2. Plaintiffs, Fair Oaks Apartments, LLC, is a limited liability company with its primary place of business in Taylor County, Texas. It is represented by the Hodge Law Firm.

3. Defendant, Nationwide Mutual Insurance Company, is a foreign insurance company registered with the Texas Department of Insurance engaging in the business of insurance

in the State of Texas. Defendant may be served with process by serving its registered agent at **CORPORATION SERVICE COMPANY, 211 E 7TH STREET, SUITE 620, AUSTIN, TEXAS 78701.**

## JURISDICTION AND VENUE

4.     The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees.

5.     The Court has jurisdiction over Defendant because this Defendant engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

6.     Venue is proper in Taylor County, Texas, because the insured property at issue is situated in this county and the events giving rise to this lawsuit occurred in this county.

## FACTS

7.     Plaintiff is the owner of Texas insurance policy 3019402005 (hereinafter the "Policy"), which was issued by Defendant.

8.     Plaintiff owns the insured property, which is specifically located at 502 N. Willis St., Abilene, Texas 79603 (hereinafter the "Property").

9.     Defendant sold the Policy insuring the Property to Plaintiff.

10.    On or about February 21st, 2021, a statewide deep freeze caused extensive damage, including a pipe burst, to the insured Property.

11.   Plaintiff submitted a claim to Defendant against the Policy for damages the Property sustained as a result of the storm event.  Upon information and belief, Defendant assigned number 603330-GL to the claim.

12.   Plaintiff asked that Defendant cover the cost of repairs to the Property, pursuant to the Policy.

13.   Defendant inspected the property and did not issue a payment to Plaintiff for the damages. Defendant claimed that policy exclusions applied to the type and cause of damages.

14.   Plaintiff contracted with a public adjuster, Mr. Cal Spoon, to conduct an objective evaluation of their damages.

15.   On April 26th, 2021, Mr. Spoon inspected the Property and found considerable applicable covered damages. He provided an estimate and a sworn proof of loss to Defendant the following day.

16.   Shortly thereafter, Mr. Spoon conducted a joint reinspection of the property with Defendant's representative and, subsequently, made minor adjustments to his estimate which now totaled $3,008,598.96 in covered damages. On May 5th, 2021, he provided this estimate to Defendant.

17.   Defendant then deployed Mr. Drew Lindemann, P.E. Associate of Envista Forensics to assess the damages and cause thereof. However, his investigation was clearly outcome driven and merely reiterated Defendant's preexisting beliefs.

18.   Defendant, on multiple occasions failed to properly inspect the property and failed to properly scope the loss by intentionally ignoring areas of damage and turning a blind eye to the true extent of the loss.

19. Defendant set about to deny and/or underpay on properly covered damages. As a result of Defendant's unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation and thus denying adequate and sufficient payment to Plaintiff to repair the Property, Plaintiff's claim was improperly adjusted. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff have yet to receive the full payment to which they are entitled under the Policy.

20. As detailed in the paragraphs below, Defendant wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Defendant underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

21. To date, Defendant continues to delay in the payment for the damages to the property. As such, Plaintiff have not been paid in full for the damages to the Property.

22. Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the Plaintiffs. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

23. Defendant misrepresented to Plaintiff that certain damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.

Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

24.   Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

25.   Defendant failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any or adequate explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any or adequate explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

26.   Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

27.   Defendant refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant's

conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

28. Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

29. Defendant failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

30. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff have not received full payment for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

31. From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

32. Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

33. As a result of Defendant's wrongful acts and omissions, Plaintiff were forced to retain the professional services of the attorney and law firm for representation with respect to these causes of action.

## CAUSES OF ACTION

34. Defendant is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and Deceptive Trade Practices Act, intentional breach of the common law duty of good faith and fair dealing, and common law fraud.

## BREACH OF CONTRACT

35. The Policy is a valid, binding, and enforceable contract between Plaintiff and Defendant.

36. Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiffs.

37. Defendant's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiffs.

38. The Defendant's breach proximately caused Plaintiff's injuries and damages.

39. All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

40. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

41. Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

42. Defendant's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

43. Defendant's unfair settlement practices, as described above, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

44. Defendant's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

45. Defendant's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

46. Each of the foregoing unfair settlement practices were completed knowingly by the Defendant and were a producing cause of Plaintiff's injuries and damages.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

47. The Claim is a claim under an insurance policy with the Defendant of which Plaintiff gave proper notice. The Defendant is liable for the Claim. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

48. Defendant's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and/or request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

49. Defendant's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

50. Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

51. Each of the foregoing unfair settlement practices were completed knowingly by the Defendant and were a producing cause of Plaintiff's injuries and damages.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

52.    The Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that liability was reasonably clear.

53.    Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

54.    Defendant's conduct proximately caused Plaintiff injuries and damages.

### VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

55.    Defendant's conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41, et seq. (hereinafter the "DTPA") by engaging in "false, misleading or deceptive acts and practices."

56.    Plaintiff is "consumer[s]" in that Plaintiff acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

57.    The Defendant committed numerous violations of the Texas DTPA, insofar as Defendant:

a)    Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

b)    Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

c)    Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

d)    Generally engaged in unconscionable courses of action while handling the Claim; and/or

e)    Violated the provisions of the Texas Insurance Code described herein.

---

58.     The Defendant took advantage of the Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree and to the Plaintiff detriment. The Defendant's acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration. As a result of the Defendant's violations of the DTPA, Plaintiff suffered actual damages. In addition, the Defendant committed the above acts knowingly and/or intentionally, entitling Plaintiff to three times Plaintiff's damages for economic relief.

## COMMON LAW FRAUD

59.     Defendant is liable to Plaintiff for common law fraud.

60.     Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion.

61.     The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

62.     The Defendant knowingly or recklessly made false representations as to material facts and/or knowingly concealed all or part of material information from Plaintiff with the intent of inducing Plaintiff to accept a denial and/or underpayment of insurance benefits. The Defendant allowed Plaintiff to use this information, or lack thereof, in justifiable reliance in accepting the denial and/or underpayment. Plaintiff relied upon said statements in accepting the denial and/or underpayment of the Claim and suffered injury as a result.

## DAMAGES

63.    Upon the trial of this case, it shall be shown Plaintiff sustained damages as a result of Defendant's conduct. Plaintiff respectfully request the Court and jury award the amount of loss Plaintiff have incurred in the past and will incur in the future. There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiff for injuries, damages, and losses, incurred and to be incurred. From the date of the occurrence in question until the time of trial of this cause, Plaintiff seek every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiff's actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

64.    Plaintiff would show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

65.    The damages caused by hail and/or wind have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

66.    For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees and pre-judgment interest.

67.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing

conduct of the acts described above, Plaintiff ask for three times actual damages. TEX. INS. CODE §541.152.

68.  For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

69.  For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

70.  For violations of the Deceptive Trade Practices Act, Plaintiff is entitled to recover actual damages and up to three times Plaintiff's damages for economic relief, along with attorney's fees, interest and court costs.

71.  For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

72.  For the prosecution and collection of this claim, Plaintiff have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

73.  Plaintiff is not making any claims for relief under federal law.

## JURY DEMAND

74.  Plaintiff request a jury trial and have tendered any and all requisite fees for such along with the filing of this *Plaintiff's Original Petition*.

## REQUEST FOR DISCLOSURE

75.  Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of service of this request, the information described in Rule 194.2(a)-(l).

## PRAYER

WHEREFORE, Plaintiff respectfully request that final judgment be rendered for the Plaintiff as follows:

1)  Judgment against Defendant for actual damages in an amount to be determined by the jury;

2)  Statutory benefits;

3)  Treble damages;

4)  Exemplary and punitive damages;

5)  Pre-judgment interest as provided by law;

6)  Post-judgment interest as provided by law;

7)  Attorneys' fees;

8)  Costs of suit;

9)  Such other and further relief to which Plaintiff may be justly entitled.

[Signature Page to Follow]

Respectfully Submitted,

By: _____

Shaun W. Hodge
Texas Bar No. 24052995
shodge@hodgefirm.com
Jahan V. Guram
Texas Bar No. 24118917
jguram@hodgefirm.com
The Hodge Law Firm, PLLC
Old Galveston Square Building
2211 Strand, Suite 302
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300

ATTORNEYS FOR PLAINTIFF

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Kendal McLaughlin on behalf of Shaun Hodge
Bar No. 24052995
kmclaughlin@hodgefirm.com
Envelope ID: 60373721
Status as of 12/29/2021 3:02 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Becky A.Bethscheider | | bbethschelder@hodgefirm.com | 12/29/2021 2:31:07 PM | SENT |
| Shaun Hodge | | shodge@hodgefirm.com | 12/29/2021 2:31:07 PM | SENT |
| Jahan Guram | | jguram@hodgefirm.com | 12/29/2021 2:31:07 PM | SENT |
| Kendal McLaughlin | | kmclaughlin@hodgefirm.com | 12/29/2021 2:31:07 PM | SENT |

Filed 12/29/2021 2:31 PM
Tammy Robinson
District Clerk
Taylor County, Texas
Tammy Robinson

**CAUSE NO.** _28509-B_____

| | | |
|---|---|---|
| **FAIR OAKS APARTMENTS, LLC** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | Taylor County - 104th District Court |
| | § | _____JUDICIAL DISTRICT |
| | § | |
| | § | |
| **NATIONWIDE MUTUAL** | § | |
| **INSURANCE COMPANY,** | § | **TAYLOR COUNTY, TEXAS** |

*Defendant*

---

## PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, FAIR OAKS APARTMENTS, LLC (hereinafter referred to as "Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of NATIONWIDE MUTUAL INSURANCE COMPANY ("Defendant"), and for cause of action, Plaintiff would respectfully show this honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3), and request that the Court enter an appropriate scheduling order.

### PARTIES

2. Plaintiffs, Fair Oaks Apartments, LLC, is a limited liability company with its primary place of business in Taylor County, Texas. It is represented by the Hodge Law Firm.

3. Defendant, Nationwide Mutual Insurance Company, is a foreign insurance company registered with the Texas Department of Insurance engaging in the business of insurance

---

in the State of Texas. Defendant may be served with process by serving its registered agent at **CORPORATION SERVICE COMPANY, 211 E 7ᵀᴴ STREET, SUITE 620, AUSTIN, TEXAS 78701.**

## JURISDICTION AND VENUE

4.  The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees.

5.  The Court has jurisdiction over Defendant because this Defendant engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

6.  Venue is proper in Taylor County, Texas, because the insured property at issue is situated in this county and the events giving rise to this lawsuit occurred in this county.

## FACTS

7.  Plaintiff is the owner of Texas insurance policy 3019402005 (hereinafter the "Policy"), which was issued by Defendant.

8.  Plaintiff owns the insured property, which is specifically located at 502 N. Willis St., Abilene, Texas 79603 (hereinafter the "Property").

9.  Defendant sold the Policy insuring the Property to Plaintiff.

10. On or about February 21ˢᵗ, 2021, a statewide deep freeze caused extensive damage, including a pipe burst, to the insured Property.

11.     Plaintiff submitted a claim to Defendant against the Policy for damages the Property sustained as a result of the storm event. Upon information and belief, Defendant assigned number 603330-GL to the claim.

12.     Plaintiff asked that Defendant cover the cost of repairs to the Property, pursuant to the Policy.

13.     Defendant inspected the property and did not issue a payment to Plaintiff for the damages. Defendant claimed that policy exclusions applied to the type and cause of damages.

14.     Plaintiff contracted with a public adjuster, Mr. Cal Spoon, to conduct an objective evaluation of their damages.

15.     On April 26th, 2021, Mr. Spoon inspected the Property and found considerable applicable covered damages. He provided an estimate and a sworn proof of loss to Defendant the following day.

16.     Shortly thereafter, Mr. Spoon conducted a joint reinspection of the property with Defendant's representative and, subsequently, made minor adjustments to his estimate which now totaled $3,008,598.96 in covered damages. On May 5th, 2021, he provided this estimate to Defendant.

17.     Defendant then deployed Mr. Drew Lindemann, P.E. Associate of Envista Forensics to assess the damages and cause thereof. However, his investigation was clearly outcome driven and merely reiterated Defendant's preexisting beliefs.

18.     Defendant, on multiple occasions failed to properly inspect the property and failed to properly scope the loss by intentionally ignoring areas of damage and turning a blind eye to the true extent of the loss.

19. Defendant set about to deny and/or underpay on properly covered damages. As a result of Defendant's unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation and thus denying adequate and sufficient payment to Plaintiff to repair the Property, Plaintiff's claim was improperly adjusted. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff have yet to receive the full payment to which they are entitled under the Policy.

20. As detailed in the paragraphs below, Defendant wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Defendant underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

21. To date, Defendant continues to delay in the payment for the damages to the property. As such, Plaintiff have not been paid in full for the damages to the Property.

22. Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the Plaintiffs. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

23. Defendant misrepresented to Plaintiff that certain damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.

Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

24. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

25. Defendant failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.   Specifically, Defendant failed to offer Plaintiff adequate compensation, without any or adequate explanation why full payment was not being made.  Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any or adequate explanation for the failure to adequately settle Plaintiff's claim.  Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

26. Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).

27. Defendant refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation.  Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.  Defendant's

conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

28. Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

29. Defendant failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

30. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff have not received full payment for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

31. From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

32.   Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

33.   As a result of Defendant's wrongful acts and omissions, Plaintiff were forced to retain the professional services of the attorney and law firm for representation with respect to these causes of action.

## CAUSES OF ACTION

34.   Defendant is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and Deceptive Trade Practices Act, intentional breach of the common law duty of good faith and fair dealing, and common law fraud.

## BREACH OF CONTRACT

35.   The Policy is a valid, binding, and enforceable contract between Plaintiff and Defendant.

36.   Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiffs.

37.   Defendant's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiffs.

38.   The Defendant's breach proximately caused Plaintiff's injuries and damages.

39.   All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

40. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

41. Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

42. Defendant's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

43. Defendant's unfair settlement practices, as described above, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

44. Defendant's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

45. Defendant's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

46.     Each of the foregoing unfair settlement practices were completed knowingly by the Defendant and were a producing cause of Plaintiff's injuries and damages.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

47.     The Claim is a claim under an insurance policy with the Defendant of which Plaintiff gave proper notice. The Defendant is liable for the Claim. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

48.     Defendant's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and/or request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

49.     Defendant's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

50.     Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

51.     Each of the foregoing unfair settlement practices were completed knowingly by the Defendant and were a producing cause of Plaintiff's injuries and damages.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

52. The Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that liability was reasonably clear.

53. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

54. Defendant's conduct proximately caused Plaintiff injuries and damages.

## VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

55. Defendant's conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41, et seq. (hereinafter the "DTPA") by engaging in "false, misleading or deceptive acts and practices."

56. Plaintiff is "consumer[s]" in that Plaintiff acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

57. The Defendant committed numerous violations of the Texas DTPA, insofar as Defendant:

   a) Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

   b) Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

   c) Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

   d) Generally engaged in unconscionable courses of action while handling the Claim; and/or

   e) Violated the provisions of the Texas Insurance Code described herein.

58.    The Defendant took advantage of the Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree and to the Plaintiff detriment.  The Defendant's acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration.  As a result of the Defendant's violations of the DTPA, Plaintiff suffered actual damages.  In addition, the Defendant committed the above acts knowingly and/or intentionally, entitling Plaintiff to three times Plaintiff's damages for economic relief.

## COMMON LAW FRAUD

59.    Defendant is liable to Plaintiff for common law fraud.

60.    Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion.

61.    The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

62.    The Defendant knowingly or recklessly made false representations as to material facts and/or knowingly concealed all or part of material information from Plaintiff with the intent of inducing Plaintiff to accept a denial and/or underpayment of insurance benefits.  The Defendant allowed Plaintiff to use this information, or lack thereof, in justifiable reliance in accepting the denial and/or underpayment.  Plaintiff relied upon said statements in accepting the denial and/or underpayment of the Claim and suffered injury as a result.

## DAMAGES

63.    Upon the trial of this case, it shall be shown Plaintiff sustained damages as a result of
       Defendant's conduct. Plaintiff respectfully request the Court and jury award the amount
       of loss Plaintiff have incurred in the past and will incur in the future. There are certain
       elements of damages to be considered separately and individually for the purpose of
       determining the sum of money that would fairly and reasonably compensate Plaintiff for
       injuries, damages, and losses, incurred and to be incurred. From the date of the occurrence
       in question until the time of trial of this cause, Plaintiff seek every element of damage
       allowed by Texas law with respect to the causes of action mentioned above, including but
       not limited to Plaintiff's actual damages, policy benefits, pre-judgment interest, post-
       judgment interest, consequential damages, court costs, attorneys' fees, treble damages,
       statutory interest, and exemplary damages.

64.    Plaintiff would show that all the aforementioned acts, taken together or singularly,
       constitute the producing causes of the damages sustained by Plaintiffs.

65.    The damages caused by hail and/or wind have not been properly addressed or repaired in
       the months since the storm, causing further damages to the Property, and causing undue
       hardship and burden to Plaintiffs. These damages are a direct result of Defendant's
       mishandling of Plaintiff's claim in violation of the laws set forth above.

66.    For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the
       amount of the claim, together with attorney's fees and pre-judgment interest.

67.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff
       is entitled to actual damages, which include the loss of the benefits that should have been
       paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing

conduct of the acts described above, Plaintiff ask for three times actual damages. TEX. INS.
CODE §541.152.

68. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is
entitled to the claim amount, as well as eighteen (18) percent interest per annum on the
amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

69. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to
compensatory damages, including all forms of loss resulting from the insurer's breach of
duty, such as additional costs, economic hardship, losses due to nonpayment of the amount
the insurer owed, exemplary damages, and damages for emotional distress.

70. For violations of the Deceptive Trade Practices Act, Plaintiff is entitled to recover actual
damages and up to three times Plaintiff's damages for economic relief, along with
attorney's fees, interest and court costs.

71. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for
knowingly fraudulent and malicious representations, along with attorney's fees, interest,
and court costs.

72. For the prosecution and collection of this claim, Plaintiff have been compelled to engage
the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff
is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney
in the preparation and trial of this action, including any appeals to the Court of Appeals
and/or the Supreme Court of Texas.

73. Plaintiff is not making any claims for relief under federal law.

## JURY DEMAND

74.     Plaintiff request a jury trial and have tendered any and all requisite fees for such along with
        the filing of this *Plaintiff's Original Petition*.

## REQUEST FOR DISCLOSURE

75.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to
        disclose, within fifty (50) days of service of this request, the information described in Rule
        194.2(a)-(l).

## PRAYER

        WHEREFORE, Plaintiff respectfully request that final judgment be rendered for the

Plaintiff as follows:

        1) Judgment against Defendant for actual damages in an amount to be determined by the
           jury;

        2) Statutory benefits;

        3) Treble damages;

        4) Exemplary and punitive damages;

        5) Pre-judgment interest as provided by law;

        6) Post-judgment interest as provided by law;

        7) Attorneys' fees;

        8) Costs of suit;

        9) Such other and further relief to which Plaintiff may be justly entitled.

[Signature Page to Follow]

Respectfully Submitted,

By: _____

Shaun W. Hodge
Texas Bar No. 24052995
shodge@hodgefirm.com
Jahan V. Guram
Texas Bar No. 24118917
jguram@hodgefirm.com
The Hodge Law Firm, PLLC
Old Galveston Square Building
2211 Strand, Suite 302
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300

ATTORNEYS FOR PLAINTIFF

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kendal McLaughlin on behalf of Shaun Hodge
Bar No. 24052995
kmclaughlin@hodgefirm.com
Envelope ID: 60373721
Status as of 12/29/2021 3:02 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Becky A.Bethscheider | | bbethscheider@hodgefirm.com | 12/29/2021 2:31:07 PM | SENT |
| Shaun Hodge | | shodge@hodgefirm.com | 12/29/2021 2:31:07 PM | SENT |
| Jahan Guram | | jguram@hodgefirm.com | 12/29/2021 2:31:07 PM | SENT |
| Kendal McLaughlin | | kmclaughlin@hodgefirm.com | 12/29/2021 2:31:07 PM | SENT |